Charles M. Walker
U.S. Bankruptcy Judge
Dated: 7/10/2024



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Judge Charles M. Walker |
| **AMARILLO PLATINUM, LLC, *et al.*,**[1] | ) | |
| | ) | Case Number |
| Debtors. | ) | 3:24-bk-02447 |
| | ) | |
| | ) | Jointly Administered |
| | ) | |

### EXPEDITED ORDER (I) AUTHORIZING INTERIM USE OF CASH COLLATERAL, (II) PROVIDING ADEQUATE PROTECTION, (III) SETTING A FINAL HEARING UPON A TIMELY OBJECTION TO FINAL RELIEF, AND (IV) AUTHORIZING FINAL USE OF CASH COLLATERAL ABSENT A TIMELY OBJECTION THERETO

This matter came before the Court for hearing on July 9, 2024 (the "Hearing") upon the above-captioned Debtors' *Expedited Motion for Entry of Order Authorizing Interim Use of Cash Collateral and Granting Final Use of Cash Collateral Absent Timely Objection* (the "Motion"). No creditor or interested party filed an objection to the Motion, and all parties present at the Hearing confirmed that they had no objection to the relief sought in the Motion. All capitalized terms not specifically defined herein shall have the meaning ascribed to them in the Motion.

At the Hearing, the Court agreed that the Debtors should be entitled to interim use of cash collateral through July 26, 2024 (the "Interim Cash Use Period") upon providing the Cash Collateral Lienholders with the adequate protection set forth in the Motion. If any Cash Collateral Lienholder objected to any Debtors' use of cash collateral beyond the Interim Cash Use Period—

---

[1] The jointly administered cases are as follows: *In re Amarillo Platinum,, LLC*, Case No. 3:24-bk-02447; *In re Midland Platinum, LLC*, Case No. 3:24-bk-02448; and *In re Midland Platinum II, LLC*, Case No. 3:24-bk-02449 (collectively, the "Debtors,") with each individually being a "Debtor."

or otherwise objected to any of the Debtors' assertions in the Motion regarding the scope, extent, or validity of any Cash Collateral Lienholders' rights in the Debtors' cash collateral—such Cash Collateral Lienholder must file an objection thereto on or before July 19, 2024, with a hearing on use of cash collateral beyond the Interim Cash Use Period to occur on July 24, 2024 at 11:00 a.m.

Accordingly, it is hereby ORDERED as follows:

1. The Debtors are hereby authorized to continued use of cash collateral on an interim basis during the Interim Cash Use Period, and through and including July 26, 2024, to pay the ordinary and necessary operating expenses of the Debtors' respective business based on the Debtors' ordinary business judgment.

2. In accordance with 11 U.S.C. § 361(2), each Debtor shall grant to the Cash Collateral Lienholders replacement liens on each Debtor's post-petition hotel revenues—including food, beverage, and other revenue not directly associated with hotel room occupancy. The Court finds that the replacement liens and other protection provided herein adequately protects the property interests of the Cash Collateral Lienholders.

3. In the event that any of the Cash Collateral Lienholders object to any Debtor's use of cash collateral after the expiration of the Interim Cash Use Period or otherwise wish to challenge any assertion made by the Debtors in the Motion, such Cash Collateral Lienholder must file an objection to this Order on or before **July 19, 2024**. In the event an objection is timely filed, the Court will conduct a hearing on final use of cash collateral beyond the Interim Cash Use Period on July 24, 2024 as provided above. For clarity, nothing in this Order shall restrict or limit any Cash Collateral Lienholder's right to object to the Debtors' use of cash collateral beyond the expiration of the Interim Cash Use Period within the deadlines set forth herein.

4. If no objection to any Debtor's use of cash collateral beyond the Interim Cash Use Period is timely filed, this Order shall be deemed to grant final use of cash collateral to the Debtor pursuant to the terms herein without the need for any further hearing.

5. Notwithstanding the foregoing, each of the Debtors shall continue to timely pay in full on a monthly basis and in the ordinary course all post-petition franchise fees, royalties, and reimbursable expenses (the "Franchise Fees") due to any hotel brand franchisor (each, a "Franchisor") pursuant to any franchise agreement between any Debtor and any Franchisor. Without limiting the foregoing, nothing in this Order, nor any exhibits, addendums or attachments annexed to this Order, shall operate as a cap, limit, or restriction on the payment of fees, royalties, or expenses owed and to be paid by any Debtor to any Franchisor under its respective franchise agreement, which fees, royalties, and expense shall be fully and timely paid in accordance with the terms of such franchise agreement.[2]

6. This Order constitutes findings of facts and conclusions of law, and it shall take effect and become enforceable immediately upon entry by the Court notwithstanding any Federal Rule of Bankruptcy Procedure to the contrary.

7. As soon as practicable after the entry of this Order, counsel for the Debtors shall serve a copy of this Order by U.S. Mail to the Debtor's 20 largest unsecured creditors and all secured creditors. The Debtors shall then file a certificate of service confirming the service as soon as is practicable thereafter.

---

[2] This paragraph shall specifically include the obligations of Midland Platinum II, LLC ("Midland II") and Amarillo Platinum LLC ("Amarillo") to timely pay all amounts due and owing to Marriott International Inc., or any of its subsidiaries or affiliates (together, "Marriott") arising under that certain (i) Courtyard by Marriott Franchise Agreement between Midland II and Marriott dated January 25, 2005, as amended, and/or any related documents associated therewith, and (ii) Springhill Suites by Marriott Franchise Agreement between Amarillo and Marriott dated November 16, 2007, as amended, and/or any related documents associated therewith

3

Case 3:24-bk-02447    Doc 27    Filed 07/10/24    Entered 07/10/24 14:59:03    Desc Main
Document      Page 3 of 4

THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS
INDICATED AT THE TOP OF THE FIRST PAGE

APPROVED FOR ENTRY:

/s/ Henry E. ("Ned") Hildebrand, IV
Henry E. ("Ned") Hildebrand, IV
Gray Waldron
R. Alex Payne
DUNHAM HILDEBRAND PAYNE WALDRON, PLLC
9020 Overlook Boulevard, Suite 316
Brentwood, TN 37027
615.933.5851
ned@dhashville.com
*Counsel for the Debtors*

4

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 3:24-bk-02447    Doc 27    Filed 07/10/24    Entered 07/10/24 14:59:03    Desc Main
Document      Page 4 of 4